UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| AARON BRUSH, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OLD NAVY, LLC, SCOTT GRAHAM, | ) |
| TIMOTHY OLIVER, and the TOWN OF | ) |
| WILLISTON, | ) |
|     Defendants. | ) |

## MOTION TO EXCLUDE EXPERT TESTIMONY

The Plaintiff, Aaron Brush, by and through counsel, hereby moves to exclude testimony by John Ryan, an expert witness proffered by Defendants Scott Graham, Timothy Oliver, and the Town of Williston (collectively the "Municipal Defendants"). In support of the Motion, Plaintiff submits the following Memorandum of Law.

## MEMORANDUM

The Municipal Defendants have disclosed former police captain John Ryan to offer expert opinion testimony concerning the actions of Defendants Graham and Oliver during their November 28, 2019 encounter with Mr. Brush. In addition, Mr. Ryan proposes to testify to the adequacy of the supervision and training the Town provided to the police officers it employed. A copy of Mr. Ryan's expert report is attached hereto as Exhibit 1. *See* Exhibit 1, Municipal Defendants' Joint F.R.C.P. 26(a)(2) Expert Disclosure (Expert Report of John Ryan attached as Exhibit A thereto).

Mr. Ryan's opinions are set forth beginning on page 19 of his Report. He proposes to offer the following testimony:

- "[T]he decision[] … to … detain … Mr. Brush was consistent with generally accepted policies, practices, training, *and legal mandates* trained to officers…" Exhibit 1, Ryan Report at ¶ 37 (emphasis added).

- "Based on generally accepted policies, practices, training, *and legal mandates* trained to officers… a reasonable and well-trained officer would conclude that the brief detention of Mr. Brush… was a temporary investigative detention." Exhibit 1, Ryan Report at ¶ 41 (emphasis added).

- "Here, based on the reports of the dispatcher a reasonable and well-trained officer would conclude that a stop was consistent with industry standard based on suspicion of shoplifting, danger to the public, and/or the community caretaking function…." *Id.*

- "Based on this totality of circumstances a reasonable and well-trained officer would recognize that a stop of Brush … would be consistent with generally accepted policies, practices, training, industry standard, *and the legal mandates* trained to officers…." Exhibit 1, Ryan Report at ¶ 42 (emphasis added).

- "Officers throughout the United States are trained that there is no set time limit on a temporary investigative detention but rather, they must act diligently to confirm or dispel their suspicions. There is nothing in the materials provided to date that would suggest that the officers were not acting diligently." Exhibit 1, Ryan Report at ¶ 46.

This list is not exhaustive. The large majority of Mr. Ryan's opinions represent either statements as to what the law provides or conclusions as to ultimate facts that are the province of the jury. "In the Second Circuit it is well-established that an expert witness may not provide testimony that constitutes legal conclusions." *Gade v. State Farm Mut. Auto. Ins. Co.*, No. 5:14-cv-00048, 2015 U.S. Dist. LEXIS 156474 at *41 (D. Vt. Nov. 19, 2015) (citing *Densberger v. United Techs. Corp.*, 297 F.3d 66, 74 (2d Cir. 2002)); *see also Browne v. CTC Corp.*, No. 2:15-cv-267, 2017 U.S. Dist. LEXIS 197717 at *6 (D. Vt. Dec. 1, 2017) (same). "[E]xpert testimony that states a legal conclusion or communicates a legal standard – explicit or implicit – to the jury is inadmissible." *McLaughlin v. Langrock Sperry & Wool, LLP*, No. 2:19-cv-00112, 2020 U.S. Dist. LEXIS 103404 at *23 (D. Vt. June 12, 2020) (quoting *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992)) (internal quotation marks and bracketing omitted); *see also Hiramoto v. Goddard College Corp.*, 184 F. Supp. 3d 84, 97 (D. Vt. 2016) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)) ("Although an expert may opine on an issue of fact within the

jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.").

Mr. Ryan repeatedly opines that the Municipal Defendants' actions were "consistent with legal mandates," which is simply another way of saying that their conduct did not violate clearly established constitutional law.  Mr. Ryan seeks to bolster his proposed testimony by citations to an array of outdated policing manuals:

- Law Officer's Pocket Manual, § 2.1.1, Bloomberg BNA (2016).  Exhibit 1, Ryan Report at 20, n. 1.

- Miles, Richardson, Scudellari, The Law Enforcement Officer's Pocket Manual § 2.8; § 2.14 (BNA 2008).  Exhibit 1, Ryan Report at 21, n.2 and n.3; *id.* at 23 n.5.

- Ryan, Quick Reference Legal Guide for Law Enforcement at 10 (PATC Books 2009).  *See id.*

- Hanley, Schmidt, Robbins, Introduction to Criminal Evidence and Court Proceedings at 149 (McCutchen Publ. 1987).  Exhibit 1, Ryan Report at 22, n. 4.

- Beebe, Arkansas Law Enforcement Pocket Manual at 29 (2d ed. 2004).  Exhibit 1, Ryan Report at 22, n.4.

- Samaha, Criminal Procedure at 222-23 (5th ed. Wadsworth/Thompson Learning at 2002).  Exhibit 1, Ryan Report at 24, n.6.

While none of these materials are readily available on short notice, it is safe to say that the cited hornbooks are not primary legal sources and that they are neither authoritative nor current.  Yet Mr. Ryan proposes to rely on these sources to instruct the Court and the jury what the law provides.  Any such testimony is plainly inadmissible and should be excluded.

Apart from proposing to expressly instruct the Court as to what "legal mandates" may provide, Mr. Ryan repeatedly opines that the Municipal Defendants' actions were consistent with "generally accepted policies, practices, [and] training…."  Exhibit 1, Ryan Report at ¶¶ 37, 41, 42, 50.  In order to garner general acceptance, a law enforcement policy or practice must be

consistent with the law. This is just a roundabout way of saying that the Municipal Defendants' actions were taken in conformity with the law. Under *Monell v. Department of Social Services,* the question of whether the Town's policies, practices (and training) were lawful is the ultimate question for the trier of fact. *See Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 690 (1978) ("Local governing bodies… can be sued directly under § 1983… where …. the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). Mr. Brush has brought a *Monell* claim against the Town. Therefore, the proposed testimony invades the province of the jury and should be excluded.

"Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.D.C. 1997). No matter how knowledgeable an expert witness may be, that witness may neither testify to matters that are within the judge's purview nor to the ultimate conclusions that are left to the jury, as Mr. Ryan proposes to do here. The Court should therefore exclude his testimony in its entirety.

Undersigned counsel hereby certifies, pursuant to Local Rule 7(a)(7), that he made a good faith attempt to obtain the opposing party's agreement to the requested relief. Counsel for the Defendant Graham and the Town have both indicated that they do not agree to the exclusion of their proffered expert's testimony. Attempts to confer with counsel for Defendant Oliver and Old Navy did not garner a response.

Wherefore, the Plaintiff, Aaron Brush, respectfully requests that the Court grant his Motion to Exclude Expert Testimony of John Ryan.

Dated at Burlington, Vermont the 10th day of February, 2022.

                                                                           By:    /s/ *David Bond*
                                                                                        David Bond
                                                                                       Strouse & Bond, PLLC
                                                                                       2 Church St., Ste 3A
                                                                                       Burlington, VT 05401
                                                                                      802-540-0434
                                                                                      david@strouse-bond.com