UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| AARON BRUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-155 |
| ) | |
| OLD NAVY LLC, SCOTT GRAHAM, ) | |
| TIMOTHY OLIVER, AND TOWN OF ) | |
| WILLISTON, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER RE: IN CAMERA REVIEW
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL PRODUCTION**
(Doc. 58)

This matter came before the court on a motion to compel the Vermont Criminal Justice Council's (the "VCJC") compliance with a subpoena filed by Plaintiff Aaron Brush. In order to determine whether the VCJC's documents were properly withheld, the court examined them *in camera* to determine whether the court should order them to be produced.

20 V.S.A. § 2409 governs the "[a]ccessibility and confidentiality" of the records that VCJC gathers in its work. The section provides:

> It is the purpose of this section both to protect the reputation of law enforcement officers from public disclosure of unwarranted complaints against them and to fulfill the public's right to know of any action taken against a law enforcement officer when that action is based on a determination of unprofessional conduct.

20 V.S.A. § 2409(a). "[W]ith respect to any complaint," the VCJC is directed to provide only "(A) the date and the nature of the complaint, but not including the identity of the law enforcement officer; and (B) a summary of the completed investigation[.]" *Id.* at § 2409(c)(1). The VCJC is directed to keep all other information confidential:

> The Council, its hearing officer, and Council staff shall keep confidential any other information regarding unprofessional conduct complaints, investigations, proceedings, and related records except the information required or permitted to be released under this section.

*Id.* at § 2409(d).

Similarly, Vermont law exempts these records from public inspection and copying. 1 V.S.A. § 317(c)(1). Although the statute does not prevent disclosure "pursuant to an order from a court of competent jurisdiction, or to a State or federal law enforcement agency in the course of its investigation," the recipients of such information are directed to "maintain the confidentiality of the information as provided in subsection (d) of this section." 20 V.S.A. § 2409(f). The statute provides no basis for waiving confidentiality.

Rule 45 provides in relevant part "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that[] . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). Although a party generally does not have standing to challenge a subpoena issued to a third party, "[t]his general rule does not apply where the person contesting the subpoena can assert a privilege[,]" or the subpoena "impinges on his or her personal rights." *O'Brien v. Barrows*, 2010 WL 4180752, *1 (D. Vt. Oct. 19, 2010).

Based on its *in camera* review, the court hereby ORDERS VCJC to produce the following documents, which are relevant and material to the issue of the credibility of a defendant in this case and which are either already a matter of public record or contain information that is within the broad scope of discovery. These records are disclosed to the parties' attorneys subject to the Confidentiality Order the parties have signed.

I. **Documents to be Produced.**

    A. **Defendant Oliver.**

| | |
|---|---|
| 0001 | 0067-0071 |
| 0008-0010 | 0076-0078 |
| 0012-0020 | 0082-0086 |
| 0041-0049 | 0099-0100 |
| 0056-0058 | 0141-0142 |
| 0063-0065 | |

**B.     Defendant Graham.**

0001

## II.    Documents Properly Withheld.

The court agrees that the remaining documents are properly described in VCJC's privilege log and reflect internal communications and deliberations that are not relevant to the issue of credibility and outside the scope of discovery.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to compel compliance with the subpoena is GRANTED IN PART AND DENIED IN PART. (Doc. 58.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___8th___ day of April, 2022.

Christina Reiss, District Judge
United States District Court